**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1110
_____

JUSTIN MICHAEL CREDICO,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA,
(UNDER SOVEREIGN IMMUNITY ACT-VACCINE WAIVER FOR RABIES);
PENNSYLVANIA DEPT. OF HEALTH;
JOHN AND JANE DOE #1 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #2 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #3 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #4 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #5 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #6 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #7 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #8 (INDIVIDUAL AND OFFICIAL CAPACITY);
JOHN AND JANE DOE #9 (INDIVIDUAL AND OFFICIAL CAPACITY);
ANY OTHER UNKNOWN PERSON OR PERSONS (IN THEIR
INDIVIDUAL & OFFICIAL CAPACITY) THAT WERE IN THE
PREVIOUSLY FILED RABIES CLAIM);
U.S. DEPARTMENT OF STATE;
DISTRICT ATTORNEY'S OFFICE OF CHESTER COUNTY;
CHIEF OFFICER OF DISTRICT ATTORNEY OFFICE,
(INDIVIDUAL & OFFICIAL CAPACITY)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 13-cv-03310)
District Judge: Honorable Juan R. Sanchez
_____

PER CURIAM

Appellant Justin Credico appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his second amended complaint with prejudice. We will affirm the judgment of the District Court.

This litigation began in June 2013, when Credico filed a complaint against numerous defendants purportedly seeking to advance, <u>inter alia</u>, a "rabies claim." Credico's complaint was replete with deficiencies. After permitting Credico to file an amended complaint on two separate occasions, the District Court dismissed his second amended complaint without prejudice for failure to comply with Fed. R. Civ. P. 8. The District Court afforded Credico one final opportunity to file a proper complaint. The court specifically instructed him to state, as "<u>clearly</u> and <u>briefly</u>" as possible, how each named defendant has violated his constitutional rights and what harm, if any, he suffered as a result of each defendant's actions. The District Court admonished Credico to refrain from including any legal arguments or scientific research information. Having received no amended pleading from Credico, the District Court entered an order dismissing the action with prejudice. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's decision to dismiss a claim under Rule 8 for abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). While mindful that we are under an obligation to liberally construe the submissions of a pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Credico provides no basis on appeal for concluding that the District Court abused its discretion in dismissing the second amended complaint for failure to comply with Rule 8.

Initially, we note that Credico is an experienced pro se litigator. Even taking into account his status as a pro se litigant, we agree with the District Court that he failed to comply with the basic pleading requirements. His second amended complaint lacked "short and plain statement[s]" of any "claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, Credico's specific allegations were neither "'simple, concise, [nor] direct.'" See Rule 8(d)(1). Moreover, despite the District Court's previous admonition, Credico again set forth – among many other things – extensive legal arguments and an entire section on "rabies research."

The District Court provided Credico with an opportunity to comply with Rule 8 and gave him specific instructions as to what must be included in a proper complaint. Credico failed to follow the District Court's directions. Accordingly, granting him leave to file a yet another amended complaint would have been futile, and the District Court did not abuse its discretion by dismissing the second amended complaint with prejudice.[1]

---

[1] Credico has attached to his Informal Brief what appears to be yet another amended complaint which he alleges was submitted to the District Court for filing, but apparently

3

See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002);

Westinghouse, 90 F.3d at 703-04.  For these reasons, we will affirm the District Court's

judgment.

---

never received by that court.  Aside from the fact that this submission is not part of the record on appeal and, thus, not properly before us for review, see Fed. R. App. P. 10(a), it does nothing to show that the District Court committed an abuse of discretion.  If anything, it does just the opposite.